### UNITED STATES v. BOUSSOD-VALADON CO.

(Circuit Court of Appeals, Second Circuit. January 8, 1896.)

CUSTOMS DUTIES—FREE LIST—IMPORTATION OF PAINTINGS FOR EXHIBITION.

A company incorporated in this country for the purpose of importing pictures and paintings, not for sale, but for purposes of exhibition and then re-exportation, and which is in fact established in part as an advertising adjunct of a commercial firm of art dealers and publishers, whose name it adopts, whose place of business it uses gratuitously for its exhibition, and whose employé is its general manager, is not an "association established in good faith * * * expressly and solely for the promotion and encouragement of science, art or industry," within the meaning of paragraph 758 of the act of October 1, 1890, which permits the free importation of paintings, etc., by such associations. 66 Fed. 718, reversed.

Appeal from the Circuit Court of the United States for the Southern District of New York.

This was an appeal by the Boussod-Valadon Company from a decision of the board of general appraisers affirming the action of the collector of the port of New York in refusing to admit free of duty a painting imported by said company for exhibition and re-exportation without sale. The circuit court reversed the decision of the board of appraisers (66 Fed. 718), and the United States has appealed.

Wallace MacFarlane, U. S Atty., and Henry D. Sedgwick, Asst. U. S. Atty.

Eugene H. Lewis and Arthur P. Hodgkins, for appellee.

Before WALLACE, LACOMBE, and SHIPMAN, Circuit Judges.

PER CURIAM. The question in this case is whether a painting imported for exhibition, and not intended for sale, by the appellee, should have been admitted free of duty under a provision of the tariff act of October 1, 1890, which reads as follows:

"758. * * * Paintings and statuary imported for exhibition by any association established in good faith, duly authorized under the laws of the United States, or of any state, expressly and solely for the promotion and encouragement of science, art or industry, and not intended for sale, shall be deemed free of duty under such regulations as the secretary of the treasury shall prescribe."

The board of general appraisers affirmed the decision of the collector, placing their affirmance upon the following statement:

"The Boussod-Valadon Company is connected through its incorporators with the commercial house of Boussod-Valadon & Company, and their appeal for relief cannot, therefore, be sustained."

The circuit court reversed the decision of the board upon the ground that the fact found, if true, would not exclude the importer from the benefit of the exemption.

The Boussod-Valadon Company was incorporated in April, 1888. At that time, under existing tariff provisions, "all paintings imported into the United States for exhibition by any association duly authorized under the laws of * * * any state for the promotion and encouragement of * * * art, * * * and not intended for sale," were admitted free of duty under such regulations as the secretary of the treasury might prescribe. The Boussod-Valadon Company was incorporated for the purpose of availing itself of the benefit of this provision, and with the intention of importing pictures and paintings, not for sale, but for the purposes of exhibition, and then re-exportation. We are unable to doubt, upon the evidence in the record, that the company was not established "expressly and solely" for the promotion and encouragement of art; but, on the contrary, was established in part as an advertising adjunct of the commercial firm of Boussod-Valadon & Co., art dealers and publishers, whose name it adopted, whose place of business it has invariably used gratuitously for its exhibitions, and whose employé is, and always has been, its general manager. This feature of the case was not the basis of the decision of the board of general appraisers, and does not seem to have been presented for the consideration of the judge of the circuit court. The mere fact that some of the incorporators of the association were associated with the commercial house of Boussod-Valadon & Co. would not necessarily characterize it as established for other purposes than the promotion and encouragement of art solely, and to this extent we concur in the opinion of the circuit court. It is obvious, however, that the statutory provision was carefully framed to exclude from its benefit any association established with a view to any other object than the promotion and encouragement of art.

The judgment of the circuit court is reversed.